UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANICE TOY | * | CIVIL ACTION |
| VERSUS | * | NO. 23-4095 |
| STATE FARM FIRE AND CASUALTY COMPANY | * | SECTION "J" (2) |

**ORDER AND REASONS**

Pending before me is Defendant State Farm Fire and Casualty Company's Motion for Protective Order and Motion to Quash Deposition Until Protective Order is in Place. ECF No. 21. Plaintiff Janice Toy filed an Opposition Memorandum, and State Farm filed a Reply Memorandum. ECF Nos. 23, 24. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, State Farm's Motion for Protective Order is GRANTED and its alternative Motion to Quash Deposition Until Protective Order is in Place is DENIED AS MOOT for the reasons stated herein.

**I.      BACKGROUND**

Plaintiff filed suit to recover contractual and extra-contractual damages allegedly resulting from Hurricane Ida. ECF No. 1. State Farm answered and asserted, among other things, that certain damages were not caused by a covered loss under the policy and that it properly adjusted the loss. ECF No. 10. The Court issued a Scheduling Order on October 22, 2024 setting a September 22, 2025 trial date with a July 29, 2025 discovery deadline. ECF No. 17.

Plaintiff issued a Rule 30(b)(6) notice of deposition and accompanying document request seeking documents related to State Farm's claims handling policies, procedures, and methodology.

1

ECF No. 21-4 at 4, 6. State Farm asserts that it does not oppose producing responsive documents but needs a protective order precluding Plaintiff from disclosing or using same outside of this litigation. ECF No. 21-1 at 2–3. State Farm attaches three employees' affidavits to establish that its claims handling policies, procedures, and methodology (specifically, its Operations Guidelines, Standard Claim Processes, and Jurisdictional References) were created over time at considerable expense, it considers this material proprietary, and it does not share this information with third parties. ECF Nos. 21-7, 21-8, 21-9; *see also* ECF No. 21-1 at 2–4, 6–9.

In Opposition, Plaintiff argues that there is a difference between documents a party would like to keep private and documents that qualify for judicial protection. ECF No. 23. Plaintiff asserts that State Farm's documents do not qualify as trade secret or confidential information, State Farm has not established good cause with a particular and specific demonstration of facts as distinguished from conclusory statements as required by Rule 26(c), and the First Amendment entitles Plaintiff's counsel to share discovery with others. *Id.* at 2–5. Plaintiff then distinguishes the cases cited by State Farm. *Id.* at 6–7.

In Reply, State Farm argues that jurisprudence supports its position that claims handling policies and procedures qualify for protection as trade secrets. ECF No. 24 at 1–3. Further, the there is good cause to protect its trade secrets to avoid competitive disadvantage. *Id.* at 3–4. State Farm argues that Plaintiff's efforts to distinguish the cases supporting issuance of a protective order fail. *Id.* at 5–9.

II.     **STANDARD FOR PROTECTIVE ORDER**

Under Rule 26, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). A protective order may forbid discovery or specify terms for discovery. *Id.* at

2

26(c)(1)(A)-(B). Indeed, Rule 26 offers a variety of potential options that the court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters. *Id.* at 26(c)(1)(D).

"Good cause" exists when disclosure will result in a clearly defined and serious injury to the party seeking the protective order.[1] In determining good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information.[2] The party seeking the protective order bears the burden of showing that a protective order is necessary, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[3] Courts have superimposed a somewhat demanding balancing of interests approach to the Rule, comparing the hardship to the party against whom discovery is sought against the probative value of the information to the other party and considering any relevant public interests in the analysis.[4]

A district court may exercise its sound discretion in determining how far to restrict discovery, and in particular, the decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion.[5] The trial court enjoys wide discretion in setting the parameters of a protective order.[6]

### III.  ANALYSIS

Plaintiff appears to confuse the legal standards governing protective orders versus sealing orders. Protective orders apply to discovery and require a finding of "good cause," whereas sealing

---

[1] *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994) (citation and quotation omitted).
[2] *Blanchard & Co., Inc. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004).
[3] *E.E.O.C. v. BDO USA, L.L.P.,* 876 F.3d 690, 698 (5th Cir. 2017) (citing *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)) (quoting *United States v. Garrett,* 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).
[4] *Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016).
[5] *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999) (citation omitted).
[6] *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

orders involve blocking public access to court-filed documents under a stricter balancing test.[7] A civil litigant gains information through the discovery process as a matter of legislative grace.[8] The prevention of the abuse that can attend coerced production of information in discovery is sufficient justification for the authorization of protective orders. In contrast, the standard for placing a document under seal is different from the standard governing whether unfiled *discovery* should be kept confidential.[9]

"At the discovery stage, when parties are exchanging information, a stipulated protective order under Rule 26(c) may well be proper. Party-agreed secrecy has its place—for example, honoring legitimate privacy interests and facilitating the efficient exchange of information."[10] As to court filings, the Fifth Circuit has explained that "the working presumption is that judicial records should not be sealed" and the court "must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure" before deciding to seal filed documents.[11] Public access to judicial records helps to promote trust in the judicial process, and courts must be mindful of the public's common law right to inspect and copy judicial records in assessing a request to seal documents and balance that right against the interests favoring nondisclosure.[12] Thus, the mere fact that a document falls within a protective order is insufficient to justify placing that document under seal

---

[7] *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (citing *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021)) (quoting FED. R. CIV. P. 26(c)(1)).
[8] *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 (1984).
[9] *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021). "The public's right of access to judicial records is a fundamental element of the rule of law." *June Med.*, 22 F.4th at 519–20 (citations omitted).
[10] *Binh Hoa Le*, 990 F.3d at 420 (citations omitted).
[11] *Id.* at 419 (internal quotations and citations omitted).
[12] *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993); *see also Nixon v. Warner Comm'ns, Inc*., 435 U.S. 589, 597 (1978); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981). Independent of the parties' interests, the public has an interest in transparent court proceedings, which promote trustworthiness of the judicial process, curb judicial abuses, and provide the public with a more complete understanding of the judicial system, including a better perception of its fairness. *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir. 2019) (quotation omitted).

when filed in the judicial record because different legal standards govern protective orders and sealing orders.[13]

While there is a presumption of public access to judicial records, courts have recognized that even this access is not absolute.[14] In certain cases, litigants may have good reasons to file documents under seal.[15] "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the parties' interests favoring nondisclosure."[16] Courts have the discretion and power to seal court records, which should be used "charily."[17] Sealing court documents "must be justified and weighed against the presumption of openness that can be rebutted only by compelling and countervailing interests favoring nondisclosure."[18] This requires the movant to not only point to specific confidential information contained in the document, but also show the specific harm that would be suffered if the public were granted access to this document.[19]

The First Amendment does not guarantee a right of special access to information not available to the public generally.[20]

> [P]retrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law, and, in

---

[13] *June Med. Servs.,* 22 F.4th at 521.
[14] *See, e.g.*, *Van Waeyenberghe*, 990 F.2d at 848 (citing *Nixon* 435 U.S. at 597); *North Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 203–04 (5th Cir. 2015) (recognizing that a court may seal documents that contain confidential business information) (citations omitted); *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4897905, at *9 (E.D. La. Jan. 8, 2020) (noting that courts have recognized "parties' strong interest in keeping their detailed financial information sealed" because the public has a "relatively minimal interest in [that] particular information") (citations omitted); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.*, No. 97-3012, 1998 WL 186728, at *1 (E.D. La. Apr. 17, 1998) (maintaining exhibit under seal because the document contained sensitive and proprietary financial information about individual dealerships that, if unsealed, could cause commercial and competitive harm to such dealers).
[15] *Binh Hoa Le*, 990 F.3d at 419.
[16] *Van Waeyenberghe*, 990 F.2d at 848 (citing *Nixon*, 435 U.S. at 599).
[17] *Nixon*, 435 U.S. at 598–99; *Fed. Savings & Loan Ins. Corp. v. Blain,* 808 F.2d 395, 399 (5th Cir. 1987); *see Belo*, 654 F.2d at 430.
[18] *Binh Hoa Le*, 990 F.3d at 421.
[19] *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. 14-2264, 2015 WL 13534251, at *4 (E.D. La. Aug. 12, 2015) (citing *N. Cypress Med. Ctr. Operating Co.*, 781 F.3d at 204).
[20] *Pell v. Procunier*, 417 U.S. 817, 833–34 (1974); *see also Houchins v. KQED, Inc.*, 438 U.S. 1, 11–12 (1978).

> general, they are conducted in private as a matter of modern practice. Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information.
>
> . . . [A] protective order prevents a party from disseminating only that information obtained through use of the discovery process. Thus, the party may disseminate the identical information covered by the protective order as long as the information is gained through means independent of the court's processes. In sum, judicial limitations on a party's ability to disseminate information discovered in advance of trial implicates the First Amendment rights of the restricted party to a far lesser extent than would restraints on dissemination of information in a different context. . . .
>
> Rule 26(c) furthers a substantial governmental interest unrelated to the suppression of expression. [Civil Discovery Rules] enable parties to litigation to obtain information "relevant to the subject matter involved" that they believe will be helpful in the preparation and trial of the case. Rule 26, however, must be viewed in its entirety. Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes. Because of the liberality of pretrial discovery permitted by Rule 26(b)(1), it is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c). It is clear from experience that pretrial discovery by depositions and interrogatories has a significant potential for abuse. This abuse is not limited to matters of delay and expense; discovery also may seriously implicate privacy interests of litigants and third parties. The Rules do not distinguish between public and private information. Nor do they apply only to parties to the litigation, as relevant information in the hands of third parties may be subject to discovery.[21]

When a Rule 26(c) protective order issued on good cause is limited to the context of pretrial civil discovery and does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment.[22]

## IV.  CONCLUSION

State Farm has established good cause for issuance of protective order treating its claims handling policies, procedures and methodologies as confidential and limiting the use and disclosure of same to purposes of this litigation. Should such documents need to be filed into the court record, the filing party must file an appropriate motion in accordance with Local Rule 5.6

---

[21] *Seattle Times Co.*, 467 U.S. at 32–36 (citations and footnotes omitted).
[22] *Id.* at 37.

and the party seeking protection must establish that sealing of a document marked confidential is necessary. At this point, however, allowing production of the documents subject to a protective order provides Plaintiff with the full access necessary for this litigation while at the same time protecting Defendant's interests in its proprietary information. Accordingly, for the foregoing reasons,

IT IS ORDERED that State Farm's Motion for Protective Order is GRANTED. The parties are directed to meet and confer regarding an appropriate protective order and submit same within seven (7) days, failing which this Court will enter the sample protective order from the court's website.

IT IS FURTHER ORDERED that State Farm's alternative Motion to Quash Deposition Until Protective Order is in Place is DENIED AS MOOT.

New Orleans, Louisiana, this __23rd__ day of April, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

7