UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANICE TOY | CIVIL ACTION |
| VERSUS | NO. 23-4095 |
| STATE FARM FIRE & CASUALTY COMPANY | SECTION: "J"(2) |

### ORDER & REASONS

Before the Court are a *Motion for Partial Summary Judgment on Coverage C Claims* **(Rec. Doc. 29)** filed by Defendant, State Farm Fire and Casualty Company ("State Farm"), Plaintiff, Janice Toy's, ("Plaintiff" or "Ms. Toy") opposition (Rec. Doc. 31), and a reply (Rec. Doc. 37). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

This insurance dispute arises out of property damage to Ms. Toy's home as a result of Hurricane Ida. Ms. Toy alleges that State Farm failed to pay the amounts owed to her under an insurance policy relating to her home. Relevant here, Ms. Toy asserts she is entitled to "additional living expenses" ("ALE"). At her deposition, Ms. Toy testified she went to her son's home in Marrero, Louisiana to ride out Hurricane Ida. Her son did not charge her to reside with him during her stay. Ms. Toy returned to her home after two or three weeks when the power came back on. Although the home was damaged, Ms. Toy testified "[she] could live in it." (Rec. Doc. 29-4, at 2). In fact, Ms. Toy lived in her home for more than two years following Hurricane Ida. However, in April 2024, Plaintiff moved out of her home and returned to live with her

1

son when a ceiling caved in. Ms. Toy also stayed with her friend, Terry Rushing on the weekends. In January 2025, Ms. Toy began staying full time with Rushing to help take care of Rushing, who has Atrial Fibrillation. Neither her son nor Rushing charged Ms. Toy for her stay. Ms. Toy has continued to live away from her home to date. When Ms. Toy initially submitted her claim to State Farm, Ms. Toy neither notified State Farm of incurred ALE nor submitted any receipts/documentation of ALE.

In August 2023, Plaintiff filed suit against State Farm, alleging breach of insurance contract and bad faith for State Farm's handling of her claim. At this time, Ms. Toy gave notice of her ALE claim to State Farm. When Ms. Toy responded to State Farm's interrogatories, Ms. Toy provided State Farm her estimated loss of additional living expenses to be $ 26,127.50. (Rec. Doc. 31-7, at 6, 8). Ms. Toy has not provided State Farm with any receipts with respect to her ALE claim. The suit proceeded to the Court's Streamlined Settlement Program, subject to Court's Case Management Order. (Rec. Doc. 4). The case was later certified to be returned to the docket, having complied with the requirements of the Streamlined Settlement Program and having not resolved the dispute.

In this instant motion, State Farm seeks partial summary judgment on Ms. Toy's ALE claim, arguing summary judgment is warranted because there is no issue of fact that Ms. Toy incurred ALE as a result of Hurricane Ida or submitted receipts for ALE claim to State Farm; and therefore, Ms. Toy cannot recover under Coverage C of her policy. (Rec. Doc. 37, at 3). Further, State Farm argues summary judgment

is warranted on Plaintiff's bad faith claims regarding the handling of the Coverage C claim because Ms. Toy failed to provide any ALE documentation as required by the insurance policy. *Id.* at 9.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its

own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

Here, Ms. Toy failed to submit any summary judgment evidence to establish an issue of fact that she presented State Farm with documentation or receipts to support their ALE claim. Instead, Ms. Toy gave State Farm notice of her ALE claim on August 24, 2023, when she included assertions for her loss in her lawsuit. (Rec. Doc. 31, at 4).

The policy (Policy Number 18-90-3693-0) issued to Ms. Toy by State Farm, provides that State Farm agrees to pay any "Additional Living Expenses" incurred with a loss, which is explained as follows:

> **Additional Living Expense.** When a loss insured causes the residence premises to become inhabitable, we will pay the reasonable and necessary increase in cost incurred by an insured to maintain their

4

normal standard of living for up to 24 months. Our payment is limited to incurred costs for the shortest of:

    a. the time required to repair or replace the premises;
    b. the time required for your household to settle elsewhere; or
    c. 24 months.

This period of time is not limited by the expiration of this policy.

We will not pay more than the limit of liability shown in the Declarations for Coverage C – Loss of Use. Any normal expenses that are reduced or discontinued due to a loss insured will be subtracted from any amount owed.

[. . .]

**Prohibited Use.** We will pay Additional Living Expense and Fair Rental Value, for a continuous period not to exceed two weeks, beginning when a civil authority issues an order of evacuation or prohibits your use of the residence premises. . .

**(Rec.** Doc. 29-1, at 4–5). Additionally, the insurance policy provides that the insured had certain duties, as stated:

  2. **Your Duties After Loss.** After a loss to which this insurance may apply, you must cooperate with us in the investigation of the claim and also see that the following duties are performed:

    a. Give immediate notice to us or our agent[ . . . ];

      [. . .]

    d. as often as we reasonably require:

      [. . .]

      (2) provide use with any requested records and documents and allow us to make copies;

      [. . .]

    e. Submit to us, within 60 days after the loss, your signed, sworn proof of loss that sets forth, to the best of your knowledge and belief:

      (1) the time and cause of loss;

      [. . . ]

      (6) receipts for additional living expenses incurred and records supporting the fair rental value loss[. . .].

(Rec. Doc. 29-3, at 36).

Louisiana courts generally recognize the cooperation clause found in Ms. Toy's policy. *See Lee v. United States Fire & Ca. Co.*, 607 So. 2d 685, 688 (La. Ct. App. 1992). In *Lee*, the Louisiana Fourth Circuit Court of Appeals found that "[c]ourts have generally reviewed compliance with insurance policy provisions as a condition precedent to recover," and therefore "the failure of an insured to cooperate with the insurer has been held to be a material breach of the contract and a defense to a suit on the policy." *Id.* In *Williams v. Lowe*, the Louisiana Fifth Circuit Court of Appeals, held "[f]or coverage to be excluded for an insured's violation of an insurance policy's cooperation clause, the breach on the part of the insured must be both material and prejudicial to the insurer. *Williams v. Lowe*, 02-355 (La. App. 5 Cir. 10/16/02), 831 So. 2d 334, 336.

Ms. Toy was required to comply with her duties under the insurance policy. First, Ms. Toy was required to give immediate notice of her ALE claim; however, Ms. Toy did not immediately report any ALE damages prior to filing suit. Instead, Ms. Toy waited until filing suit on August 24, 2023, when she included assertions of her ALE claim in her petition. Second, Ms. Toy was required to provide requested receipts/documents reflecting her ALE incurred. Ms. Toy failed to submit any receipts to State Farm; and therefore, failed to establish the basis of her ALE claim. The Court finds that Ms. Toy's violation of her duties under her insurance policy is a breach that is material and prejudicial to State Farm. It is a reasonable obligation

for the insured to be required to promptly notify the insurer of a claim and to provide supporting documentation to substantiate it.

Further, the Court finds State Farm's citation to *Monlezun v. State Farm Fire & Cas. Co.*, No. 22-5746, 2024 WL 4611530 (W.D. La. 10/29/24) persuasive. In *Monlezun,* State Farm moved for summary judgment on the plaintiffs' ALE claim because the plaintiffs' failed to submit documentation of expenses incurred during their evacuation from Hurricane Laura. *Id.* The court granted summary judgment, finding that it was "undisputed that the Plaintiffs have not submitted documentation/receipts to support a claim for ALE expenses, there is no genuine issue of material fact for trial, and Plaintiffs cannot recover any expenses for Coverage C." *Id.* at *3. *Monlezun* is factually similar to this instant matter. *Monlezun's* cooperation policy provision is identical to Ms. Toy's cooperation provision. Like the *Monlezun* plaintiffs who failed to submit documentation/receipts to support a claim for ALE, Ms. Toy failed to submit documentation or receipts to support her claim for ALE. Like *Monlezun's* holding, the Court finds that there is no genuine issue of material fact for trial, and Ms. Toy cannot recover any expenses for Coverage C.

As it relates to Ms. Toy claim that she incurred ALE damages from April 2024 to date when she moved out of her home after the ceiling caved in, the Court finds that it cannot issue "a prospective determination on the amount of coverage owed." *Lane v. State Farm Fire & Cas. Co.*, No. 22-5095, 2024 WL 2334765, at *2 (W.D. La. May 22, 2024) (holding that "[t]he court cannot issue a prospective determination on the amount of coverage owed" when the plaintiffs asserted that they would incur

future costs under their ALE coverage, to the extent repairs render their home uninhabitable). Since no such loss has been incurred under Coverage C, the Court finds that there is no finding of bad faith under Coverage C.

## CONCLUSION

**IT IS HEREBY ORDERED** that State Farm's *Motion for Partial Summary Judgment on Coverage C Claims* **(Rec. Doc. 29)** is **GRANTED**.

New Orleans, Louisiana, this 17th day of June, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE